UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LISA CRONIN,<br><br>      Plaintiff,<br><br>      v.<br><br>IDAHO DEPARTMENT OF HEALTH AND WELFARE; MARIA MARTINDALE; MAGGIE MORRISON; SHAWNY LEE; TAYLOR WOODMAN; and ELIJAH WOODMAN,<br><br>      Defendants. | Case No. 2:25-cv-00337-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Pending before the Court is Plaintiff Lisa Cronin's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) and her Complaint (Dkt. 2). Pursuant to 28 U.S.C. § 1915, this Court must review Plaintiff's request to determine whether she is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the full filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Plaintiff's complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court denies Plaintiff's Application for Leave to Proceed In Forma Pauperis and dismisses her Complaint without prejudice.

##    I.    APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[.]" 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and that indicates she is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has reviewed Plaintiff's In Forma Pauperis Application, which reports that Plaintiff receives a total of $1,776 in average monthly income (Dkt. 1 at 1-2). Plaintiff reports average monthly expenses of $693, which includes rent or home mortgage payment, utilities, food, clothing, laundry, transportation, and recreation (*id.* at 4). Therefore, in an average month, Plaintiff has roughly $1,083 in income after she pays her monthly expenses. These factors indicate Plaintiff can pay the Court's filing fee while still supporting her basic living expenses. Because Plaintiff has not provided information to demonstrate her poverty, the Court denies Plaintiff's application to proceed In Forma Pauperis.

## II. SUFFICIENCY OF THE COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Crotts v. Cnty. of Los Angeles*, 990 F.2d 1256, *1 (9th Cir. 1993) (unpublished table opinion) ("In civil rights actions, allegations of a pro se complaint, however inartfully pleaded, should be liberally construed.") (citing *Lopez v. Dep't of Health Servs*, 939 F.2d 881, 882-83 (9th Cir. 1991)) (per curiam). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Plaintiff's action must be dismissed because this Court may not interfere with the ongoing state proceeding from which she seeks relief. Under the *Younger* Doctrine, federal courts are to give proper respect to state functions, including the state courts, and therefore, are not to interfere with (1) ongoing state proceedings that (2) implicate important state interests and (3) give adequate opportunity to raise constitutional issues. *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457

U.S. 423, 432 (1982)). Additionally, the Ninth Circuit has explained that abstention is appropriate when (4) the federal court's action would, in effect, enjoin the state proceedings. *Id*. The *Younger* Doctrine applies to civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (quoting *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013)). Additionally, as a background principal, "[f]ederal courts customarily decline to intervene in the realm of domestic relations." *Lewton v. Divingnzzo*, 772 F. Supp. 2d 1046, 1061 (D. Neb. 2011); *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) ("One of the principal areas in which [the Supreme Court] has customarily declined to intervene is in the realm of domestic relations."), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).

Here, abstention under *Younger* is appropriate because if this Court were to exercise jurisdiction over Plaintiff's claims, it would have the effect of enjoining an adequate and ongoing state proceeding in the realm of domestic relations. Plaintiff's Complaint requests a "permanent injunction against Defendants from pursuing TPR until due process and ADA compliance are achieved" and to "compel IDHW to respond to discovery and produce full case records" (Dkt. 2 at 2). These remedies, if granted, would effectively prohibit her state proceeding from continuing. "TPR" appears to be a reference to a "Termination of Parental Rights" proceeding before a state court or agency. Because her state proceeding appears to be ongoing, Plaintiff has an opportunity to raise her constitutional and statutory concerns in that proceeding. Accordingly, the Court abstains under *Younger* from addressing her claims because any relief would have the effect of enjoining an ongoing state proceeding.

Plaintiff also alleges a "violation of due process" under 42 U.S.C. § 1983 because of "blocked filings, unanswered discovery, [and] ignored evidence requests" (Dkt. 2). To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, it is presumed that Plaintiff addresses her grievances against the Idaho Department of Health and Welfare and its officers, though her complaint includes limited detail. Plaintiff also fails to provide any clear narrative regarding the alleged violation of her rights, what officer acted under the color of state law in committing these grievances, and what damages she suffered. Accordingly, Plaintiff has failed to state a valid claim for relief under 42 U.S.C. § 1983.

Plaintiff also raises claims under the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiff has failed to provide any clear narrative outlining her allegations under the ADA or the Rehabilitation Act or against whom she alleges these grievances. Instead, Plaintiff cites the ADA and Rehabilitation and attaches several "exhibits" to her complaint, which contain largely conclusory allegations. If Plaintiff wishes to bring these claims against named defendants, she must include allegations of a specific disability; allegations that Defendants discriminated against her by denying her benefits and medical care *because* of her disability; and name the particular individuals against whom she seeks relief. As of now, Plaintiff's Complaint states no type of discriminatory action based upon Plaintiff's alleged disability; rather, Plaintiff alleges the IDHW

did not provide her with a different form of drug testing after her initial urine drug test was abnormal. Otherwise, Plaintiff fails to allege sufficient facts to support a claim for relief.

Accordingly, the Court dismisses Plaintiff's case in its entirety under *Younger* and because Plaintiff has otherwise failed to state a valid claim for relief. Plaintiff may raise her constitutional concerns in the state proceeding, which she references in her filings.

### III.    ORDER

**IT IS ORDERED that:**

1.    Plaintiff Lisa Cronin's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **DENIED**.

2.    Plaintiff's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE** as against **ALL DEFENDANTS.** The Court directs the Clerk of the Court to close this case.

DATED: July 01, 2025

**Amanda K. Brailsford**
U.S. District Court Judge